+**Corrected 1/5/17**
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 04 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| CAROLYN S. HUNT,<br><br>      Plaintiff - Appellant,<br><br>v.<br><br>CAROLYN W. COLVIN,<br><br>      Defendant - Appellee. | No. 15-15931<br><br>D.C. No. 1:13-cv-01999-SKO<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Sheila K. Oberto, Magistrate Judge, Presiding

Submitted December 30, 2016**

Before: GOODWIN, LEAVY, and SILVERMAN, Circuit Judges+

Carolyn Hunt appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her application for supplemental

security income under Title XVI of the Social Security Act. We have jurisdiction

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo, and will reverse only if the administrative law judge's ("ALJ") decision is not supported by substantial evidence in the record or is based on legal error. *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1002 (9th Cir. 2015). We affirm.

Hunt contends that at step five of the sequential analysis, the ALJ erred by finding that Hunt had a high school education. However, the ALJ's finding was supported by substantial evidence, including her testimony that she had earned a high school diploma. *See* 20 C.F.R. § 416.964(a) (formal schooling is the primary factor in an ALJ's finding regarding a claimant's level of education). Hunt's evidence that she suffered a deficiency in attention and concentration does not establish a lack of "ability in reasoning, arithmetic, and language skills." 20 C.F.R. § 416.964(b) (describing how an ALJ evaluates a claimant's educational level). The ALJ properly considered Hunt's "fair" ability to attend and concentrate in connection with her residual functional capacity, rather than her education level. *See* 20 C.F.R. § 416.960(c) (at step five, an ALJ must consider both (1) residual functional capacity and (2) vocational factors of age, education, and work experience); *see* 20 C.F.R. § 416.945 (defining residual functional capacity).

The ALJ therefore did not err in concluding that under the Medical-Vocational Guidelines, Hunt's exertional limitations, considered without regard to

2

her non-exertional impairments, did not by themselves warrant a finding of disability. *See* 20 C.F.R. Part 404, Subpart P, App. 2, § 203.06 (person who has at least a high school education, is limited to medium work, is closely approaching retirement age, and has no previous work experience or unskilled work experience is considered not disabled); *cf. id.* § 203.02 (similar person with limited or less education must be found disabled). The Commissioner also met her burden of showing that Hunt was capable of making a successful adjustment to jobs that existed in significant numbers in the national economy. *See Rounds*, 807 F.3d at 1002.

**AFFIRMED.**